UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-472-GWU


AMANDA R. COLLETT,                                                              PLAINTIFF,


VS.                                **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


### INTRODUCTION

Amanda Collett brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-472  Collett

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)? If yes, the claimant is disabled.  If no, proceed
        to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a),
        416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R.
        404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.  Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and

Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

06-472  Collett

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

6

such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Collett, a 21 year-old woman with a "limited" education and no past relevant work history, suffered from impairments related to insulin dependant diabetes mellitus, a history of vasovagal syncope, a mood disorder and an impulse control disorder.  (Tr. 18, 20-21).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 18).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 21-22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

06-472  Collett

The hypothetical question presented to Vocational Expert Linda Sparrow included an exertional limitation to medium level work restricted from a full range by a need to avoid exposure to pipes[1] or hazards as well as a restriction to simple, routine, repetitive tasks that are object-focused rather than people-oriented and requiring a low stress work environment.  (Tr. 555-556).  In response, the witness identified a significant number of jobs which could still be performed.  (Tr. 556).  Therefore, assuming that the vocational factors considered by Sparrow fairly characterized Collett's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  The physical factors of the hypothetical question were essentially consistent with the opinion of Dr. Takasha Stewart-Hubbard, an examining consultant, who found no limitations with regard to vision, speaking, hearing, lifting, carrying, standing, walking, sitting, pushing, pulling, or postural functions.  (Tr. 337).  The doctor did indicate that exposure to moisture should be avoided due to Collett's skin problems.  (Id.).  This limitation was not presented to the vocational expert.  However, the doctor did state that such exposure would cause only "mild" limitations.  (Id.).  Furthermore, Dr. Lynnell

---

[1]Pipes appears to be a typographical error since the ALJ found a limitation concerning unprotected heights in the text of the denial decision.  (Tr. 18).

Dupont, a non-examining medical reviewer, noted that the plaintiff's skin problems were actually the result of an allergic reaction to medication and not a skin condition causing long-term functional limitations.[2]  (Tr. 361).   An ALJ may rely upon the opinion of an non-examiner over that of an examining source when the non-examiner clearly states the reasons for her differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

Dr. Dupont found that the claimant's physical problems were "less than severe" (Id.), a finding also made by Dr. Timothy Gregg (Tr. 344), another reviewer. These opinions also support  the administrative decision,.

Dr. Roy Varghese, a treating source at Mary Breckinridge Healthcare, identified the existence of physical restrictions which would preclude performance of even a limited range of sedentary level work.  (Tr. 390-392).  The ALJ rejected Dr. Varghese's opinion as binding because she did not believe that it was well-supported by objective medical data.   (Tr. 20).   This action would appear appropriate.  The doctor related his physical limitations to diabetes mellitus.  (Tr. 392).  However, treatment records from Mary Breckinridge reveal that the patient was mainly treated for eye pain, bronchitis, and insect bites rather than her diabetic condition.  (Tr. 398-437).  When Collett was hospitalized in March of 2006 for

---

[2]This finding was apparently based on a finding by Dr. Ashutosh Mishra, who treated the claimant at Mary Breckinridge Hospital.  (Tr. 243).

9

06-472  Collett

uncontrolled diabetes, she was noted to have not been compliant with her medication.  (Tr. 399).  As noted by the ALJ, Dr. Varghese did not report the existence of secondary diabetic complications such as peripheral neuropathy or diabetic retinopathy.  (Tr. 20).  The absence of such secondary problems has been found to support a finding diabetes is not disabling.  Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1234 (6th Cir. 1993).  Therefore, Dr. Varghese's opinion was properly disregarded.

The ALJ also dealt properly with the evidence of record relating to Collett's mental status.  Dr. Syed Raza evaluated the plaintiff's mental condition and diagnosed an impulse control disorder and a mood disorder.  (Tr. 341).  Dr. Raza rated her Global Assessment of Functioning (GAF) at 75.  (Id.).  Such a GAF suggests the existence of only "slight" psychological impairment according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision) (DSM-IV-TR), p. 34.  She would have difficulty responding to work pressures but the limitation to low stress work contained in the hypothetical question appears essentially consistent with this opinion.

Collett sought treatment for her mental problems at the Kentucky River Comprehensive Care Center (Kentucky River).  Treatment notes from Kentucky River do not identify the existence of more severe mental limitations than those found by the ALJ.  (Tr. 438-527).

06-472  Collett

Psychologists Jay Athy (Tr. 357-358) and Ilze Sillers (Tr. 375-376), the non-examining medical reviewers, each opined that the Collett would be "moderately limited" in maintaining attention and concentration for extended time periods and in her ability to accept instructions and respond appropriately to criticism from supervisors.  These limitations were not presented to the vocational expert.  These opinions were outweighed by those of the examining sources.

Dr. Varghese indicated that Collett had mental problems and would be unable to tolerate even low stress jobs.  (Tr. 389-390).  The treatment records from Mary Breckinridge reveal treatment mainly for physical rather than mental problems.  The treating source for mental problems at Kentucky River did not identify specific mental limitations and Dr. Raza, the examiner, did not report the existence of a totally disabling mental condition.  Under these circumstances, the ALJ could properly reject Dr. Varghese's mental restrictions.

Collett argues that the ALJ erred by failing to provide specific rationale for finding that her testimony lacked credibility.  However, the ALJ cited a number of reasons for this finding, including the plaintiff's attendance at GED classes three times a week, caring for her son on weekends, performing household chores such as cooking and washing dishes, shopping with friends and dating as well as the lack of objective evidence supporting her complaints.  (Tr. 19-20).  Therefore, the Court must reject the claimant's argument.

11

06-472  Collett

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 12th day of September, 2007.

**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**